UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAMONE BROWN,

                              Plaintiff,

          -against-                                          20-CV-2144 (LLS)

WARDEN NYCDOC MDC;                                           ORDER TO AMEND
CORRECTIONAL JOHN DOE OFFICER 1
& 2; CITY OF NEW YORK,

                              Defendants.

LOUIS L. STANTON, United States District Judge:

        Plaintiff, currently detained in the Otis Bantum Correctional Facility on Rikers Island,

brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federal

constitutional rights. By order dated April 9, 2020, the Court granted Plaintiff's request to

proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth

below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date

of this order.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

(2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint. On or about May 8, 2019, three inmates entered Plaintiff's cell and raped and physically assaulted him. The inmates forcibly performed oral sex on Plaintiff, fondled him, and tried to "yank" his penis and testicles off. (ECF

No. 2, at 4.) He alleges that two correction officers – sued here as John Does – "left their post

and . . . allowed [the assault] to happen" to him. (*Id*. at 4.)

Plaintiff filed a notice of claim with the New York City Comptroller, but his claim was

denied for failure to comply with the statutory filing deadlines.[2] (*See id.* at 15.)

He sues the Warden of MDC, two John Doe correction officers, and the City of New York

and seeks money damages.

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right

secured by the Constitution or laws of the United States was violated, and (2) the right was

violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487

U.S. 42, 48-49 (1988).

**A.     Claims Against the City of New York**

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to

allege that one of the municipality's employees or agents engaged in some wrongdoing. The

plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See*

*Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) ("A municipality or other local government

may be liable under this section [1983] if the governmental body itself 'subjects' a person to a

deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell*

---

[2] Documents attached to the complaint indicate that Plaintiff submitted his notice of claim on May 17, 2019. (*Id.* at 9.) By letter dated June 17, 2019, the Comptroller's office rejected Plaintiff's Notice of Claim because it was not served in compliance with General Municipal Law 50-e. That letter stated that if Plaintiff wished to pursue his claim, he must file his Notice of Claim by proper method of service within ten days of the date of the letter. (*Id.* at 11.) On September 19, 2019, Plaintiff resent the notice of claim to the comptroller's office via certified mail. (*Id.* at 12.) By letter dated September 26, 2019, the Comptroller's office denied Plaintiff's claim because it was not filed within 90 days of the date of the incident, as required by the municipal law. (*Id.* at 15.)

*v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff fails to allege facts showing that his constitutional rights were violated by a policy, practice, or custom of the City of New York. The Court therefore dismisses Plaintiff's § 1983 claims against the City of New York. 28 U.S.C. § 1915(e)(2)(B)(ii).

## B.    Failure to Protect

Prison officials are required to take reasonable measures to guarantee the safety of prisoners, including protecting them from harm caused by other prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994); *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997). To state a cognizable § 1983 failure-to-protect claim, a prisoner must show that: (1) he is incarcerated under conditions "posing a substantial risk of serious harm"; and (2) prison officials acted with "deliberate indifference" to his safety. *Farmer*, 511 U.S. at 832-33; *see Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996).

Plaintiff was a pretrial detainee at the time of the incident. A pretrial detainee asserting a failure-to-protect claim under the Due Process Clause must plead two elements: (1) an "objective" element, which requires a showing that the risk of harm is sufficiently serious, and (2) a "mental" element, which requires a showing that the officer knew or should have known of the risk of serious harm but acted with deliberate indifference to that risk. *Darnell v. Pineiro*, 849

F.3d 17, 29 (2d Cir. 2017).[3] In other words, a pretrial detainee must allege facts suggesting the defendants "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35. The mere negligence of a correctional official is not a basis for a claim of a federal constitutional violation under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Plaintiff's complaint alleges only that the defendant correction officers "left their post" and therefore "allowed" the assault to happen. (ECF No. 2, at 4.) Plaintiff does not allege any facts showing that the correction officers "acted intentionally to impose" the risk of harm or "recklessly failed to act with reasonable care to mitigate the risk." *Darnell*, 849 F.3d at 35. The Court cannot infer from Plaintiff's allegations that the correction officers were deliberately indifferent to his safety by failing to take reasonable measures to protect him. He fails to set forth any facts showing that the correction officers knew or should have known, before the attack occurred, of a substantial risk of serious harm that the other inmates posed to Plaintiff, or that the correction officers acted recklessly in failing to reduce or eliminate the risk of harm. Plaintiff therefore fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

---

[3] "Although *Darnell* involved a Fourteenth Amendment challenge to a prisoner's conditions of confinement, its holding applies with equal measure to failure to protect claims." *Taylor v. City of New York*, No. 16-CV-7857 (NRB), 2018 WL 1737626, at *12 (S.D.N.Y. Mar. 27, 2018).

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid § 1983 claim for failure-to-protect, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

First, Plaintiff must name as the defendant(s) in the caption[4] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[5] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

---

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[5] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift."

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a)  give the names and titles of all relevant persons;

b)  describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d)  give the location where each relevant event occurred;

e)  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Court dismisses Plaintiff's § 1983 claims against the City of New York for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended

Complaint," and label the document with docket number 20-CV-2144 (LLS). An Amended Civil

Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff

fails to comply within the time allowed, and he cannot show good cause to excuse such failure,

the Court will dismiss the complaint for failure to state a claim upon which relief may be

granted.

      This order is to be mailed in chambers.

SO ORDERED.

  Dated:   April 17, 2020
           New York, New York

                                         Louis L. Stanton
                                         Louis L. Stanton
                                         U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**AMENDED
COMPLAINT**

-against-

under the Civil Rights Act,
42 U.S.C. § 1983

_____
_____
_____          Jury Trial:  ☐ Yes      ☐ No
_____                    (check one)
_____
_____          ___ Civ. _____ (    )
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The names
listed in the above caption must be identical to those contained in
Part I. Addresses should not be included here.)*

**I.     Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of
confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper
as necessary.

Plaintiff's      Name_____
                 ID#_____
                 Current Institution_____
                 Address_____
                 _____

B.     List all defendants' names, positions, places of employment, and the address where each defendant
may be served. Make sure that the defendant(s) listed below are identical to those contained in the
above caption. Attach additional sheets of paper as necessary.

Defendant  No. 1      Name _____ Shield #_____
                      Where Currently Employed _____
                      Address _____
                      _____

*Rev. 01/2010*                                    1

Defendant  No. 2       Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 3       Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

<div style="border:1px solid black; display:inline-block; padding:4px; font-weight:bold; font-size:smaller;">Who did<br>what?</div>

Defendant  No. 4       Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant  No. 5       Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.       Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.       In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.       Where in the institution did the events giving rise to your claim(s) occur?

_____

C.       What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.       Facts:_____

<div style="border:1px solid black; display:inline-block; padding:4px; font-weight:bold; font-size:smaller;">What<br>happened<br>to you?</div>

_____

_____

_____

*Rev. 01/2010*                                    2

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

| **Was anyone else involved?** |

_____
_____
_____
_____

| **Who else saw what happened?** |

### III.     Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

### IV.     Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.     Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

      Yes _____     No _____     Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

      Yes _____     No _____     Do Not Know _____

      If YES, which claim(s)?
      _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

      Yes _____     No _____

      If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

      Yes _____     No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
      _____

      1.      Which claim(s) in this complaint did you grieve?
        _____

      _____

      2.      What was the result, if any?
        _____

      _____

      3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
      _____
      _____
      _____
      _____

F.      If you did not file a grievance:

      1.      If there are any reasons why you did not file a grievance, state them here:
        _____
        _____
        _____

_____
_____
_____

    2.      If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.     Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

<u>Note</u>:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

**V.**    **Relief:**

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount).  _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____

**VI.    Previous lawsuits:**

On
these
claims

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.   Court (if federal court, name the district; if state court, name the county) _____
_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

On
other
claims

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____   No _____
        If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____
        _____
        _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

                        Signature of Plaintiff      _____

                        Inmate Number              _____

                        Institution Address        _____

                                                    _____

                                                    _____

                                                    _____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                        Signature of Plaintiff:  _____