UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC # _____
DATE FILED: June 19, 2020

SHAMONE BROWN,

Plaintiff,

-against-

WARDEN NYCDOC MDC; CITY OF NEW
YORK; CORRECTIONAL JOHN DOES
OFFICER 1 & 2; JOHN DOE 1 INMATE;
JOHN DOE 2 INMATE; JOHN DOE 3
INMATE,

Defendants.

20-CV-2144 (ER)

ORDER OF SERVICE

EDGARDO RAMOS, United States District Judge:

Plaintiff, currently incarcerated at Downstate Correctional Facility, brings this *pro se*

action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights

when he was detained at the Manhattan Detention Complex ("MDC").[1] He sues the warden of

MDC, the City of New York, two John Doe correction officers at MDC, and three John Doe

inmates at MDC. By order dated April 9, 2020, the Court granted Plaintiff's request to proceed

without prepayment of fees, that is, *in forma pauperis.*

## DISCUSSION

### A.    Defendants City of New York and the Warden of MDC

The Clerk of Court is directed to notify the New York City Department of Correction

("DOC") and the New York City Law Department of this order. The Court requests that the City

of New York and the Warden of MDC waive service of summons.

---

[1] By order dated April 17, 2020, Judge Louis L. Stanton directed Plaintiff to file an
amended complaint within 60 days. (ECF No. 7.) On May 28, 2020, the Court received
Plaintiff's amended complaint. (ECF No. 9.) It is the operative pleading for this action.

**B.      John Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit DOC to identify the John Doe officer or officers who worked the 7:00AM to 3:00PM shift on May 8, 2019 at MDC, and whose duty included overseeing 8th Floor East, Cell 7 Upper, as well as the three John Doe inmates who were involved in the May 8, 2019 incident in Plaintiff's cell at MDC. In a separate letter received by the Court on May 28, 2020, Plaintiff indicates that one of the John Doe inmates was African-American and "big," the second John Doe inmate was Hispanic and had long hair, and the third John Doe inmate was African-American. (ECF No. 8.)

The Court therefore orders the New York City Law Department, which is the attorney for and agent of DOC, to ascertain the identity and badge number of the John Doe correction officer(s) and the identity of the John Doe inmates whom Plaintiff seeks to sue here and the addresses where the defendants may be served.[2] The Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file a second amended complaint naming the John Doe defendants. The second amended complaint will replace, not supplement, the amended complaint. A second amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed a second amended complaint, the

---

[2] If the Doe defendant is a current or former DOC employee or official, the Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Law Department must provide a residential address where the individual may be served.

Court will screen the second amended complaint and, if necessary, issue an order directing the Clerk of Court to issue summonses or requesting the defendants to waive service of summons.

**C.     Local Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants City of New York and the Warden of MDC, waive service of summons.

The Clerk of Court is also directed to mail a copy of this order and the amended complaint to the New York City Law Department at: 100 Church Street, New York, New York 10007.

The Court directs Defendants to comply with Local Civil Rule 33.2.

A "Second Amended Complaint" form is attached to this order.

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    June 19, 2020
          New York, New York

_____
EDGARDO RAMOS
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**SECOND
AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:   ☐ Yes      ☐ No

(check one)

___ Civ. _____ (   )

**I.      Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's      Name_____
                 ID#_____
                 Current Institution_____
                 Address_____
                 _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1      Name _____ Shield #_____

                      Where Currently Employed _____

                      Address _____

                      _____

*Rev. 01/2010*                                1

Defendant  No. 2        Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant  No. 3        Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____


> **Who did
> what?**

Defendant  No. 4        Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____


Defendant  No. 5        Name  _____ Shield #_____

Where Currently Employed _____

Address _____

_____


## II.        Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the
caption of this complaint is involved in this action, along with the dates and locations of all relevant events.
You may wish to include further details such as the names of other persons involved in the events giving
rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims,
number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.


A.        In what institution did the events giving rise to your claim(s) occur?

_____

_____


B.        Where in the institution did the events giving rise to your claim(s) occur?

_____


C.        What  date  and  approximate  time  did  the  events  giving  rise  to  your  claim(s)  occur?

_____

_____

_____


D.        Facts:_____

> **What
> happened
> to you?**

_____

_____

_____

*Rev. 01/2010*                                        2

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.       Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

       Yes _____    No _____    Do Not Know _____

C.       Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

       Yes _____    No _____    Do Not Know _____

       If YES, which claim(s)?
       _____

D.       Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

       Yes _____    No _____

       If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

       Yes _____    No _____

E.       If you did file a grievance, about the events described in this complaint, where did you file the grievance?
       _____

       1.      Which claim(s) in this complaint did you grieve?
        _____

        _____
       2.      What was the result, if any?
        _____

        _____
       3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
       _____
       _____
       _____
       _____

F.       If you did not file a grievance:

       1.      If there are any reasons why you did not file a grievance, state them here:
        _____
        _____
        _____

_____
_____
_____

2.   If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.   Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount).   _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

_____

_____

### VI.   Previous lawsuits:

**On these claims**

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____

_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

_____

_____

**On other claims**

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____

_____

3.    Docket or Index number _____

4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.      Is the case still pending?  Yes _____   No _____
        If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there
        judgment in your favor?  Was the case appealed?)  _____
        _____
        _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _____ day of _____, 20___.


                        Signature of Plaintiff      _____

                        Inmate Number              _____

                        Institution Address          _____

                                                    _____

                                                    _____

                                                    _____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide
        their inmate numbers and addresses.


I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.


                        Signature of Plaintiff:   _____

*Rev. 01/2010*                                    7