# MEMO ENDORSED



**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET, Rm. 3-155
NEW YORK, NY 10007

**JOSEPH ZANGRILLI**
*Senior Counsel*
Phone: (212) 356-2657
Fax: (212) 356-3509
jzangril@law.nyc.gov

September 30, 2020

**BY ECF**
Honorable Edgardo Ramos
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   Shamone Brown v. The City of New York, et al., 20-CV-2144 (ER)

Your Honor:

I am a Senior Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney assigned to represent the City of New York and the Warden of the Manhattan Detention Center in the above-referenced matter.  For the reasons set forth below, this Office respectfully requests a stay of the present civil proceeding in its entirety until thirty (30) days after the resolution of a Department of Correction ("DOC") investigation into the underlying allegations in this case. This is the first such request.[1] Plaintiff Shamone Brown consents to this request.

By way of background, plaintiff filed the Complaint in this action on March 10, 2020, and an Amended Complaint on May 28, 2020, alleging, *inter alia*, that certain unidentified officers failed to protect him and were deliberately indifferent to his medical needs when he was assaulted by unidentified inmates on May 8, 2019.  (ECF No. 9.)  In the course of reviewing this matter, the undersigned learned that there is an ongoing investigation by the DOC Investigations Division arising out of the incident alleged in the complaints. Defendants therefore respectfully request a stay of this matter, pending the resolution of the DOC investigation for the following reasons.

---

[1] Defendants previously requested an enlargement of time to respond to the Court's June 19, 2020 Order and respectfully request that the Court also enlarge defendants' time to respond to the Valentin Order until thirty (30) days after the resolution of the ongoing DOC investigation.

Federal courts have inherent power and discretionary authority to stay a case if the interests of justice so require.  See United States v. Kordel, 397 U.S. 1, 12 n.27 (1970); Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986); Volmar Distributors, Inc. v. The New York Post Co., Inc., 152 F.R.D. 36, 39 (S.D.N.Y. 1993).  More specifically, federal courts are authorized to stay a civil action pending the outcome of a related proceeding.  See, e.g., Kashi v. Gratsos, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[A] court may decide in its discretion to stay civil proceedings . . . when the interests of justice seem . . . to require such action.") (internal quotation marks and citations omitted);  Bristol v. Nassau County, No. 08-CV-3480 (JFB) (WDW), 2010 U.S. Dist. LEXIS 39634, at *1 (E.D.N.Y. Apr. 22, 2010) ("A district court has the discretionary authority to stay a civil action pending the resolution of a parallel criminal proceeding when the interests of justice so require.") (quoting Johnson v. New York City Police Dep't, No. 01 Civ. 6570 (RCC) (JCF), 2003 U.S. Dist. LEXIS 12111, at *2 (S.D.N.Y. July 16, 2003));  Estes-El v. Long Island Jewish Med. Ctr., 916 F. Supp. 268, 269 (S.D.N.Y. 1995) ("It is well settled that the court may (and indeed, should) stay a federal Section 1983 action until resolution of parallel state court criminal proceedings.").

In the instant matter, this Office will be unable to resolve representational issues with any involved officers until the aforementioned DOC investigation is complete.  See N.Y. Gen. Mun. L. § 50-k; Mercurio v. City of N.Y., 758 F.2d 862, 854-65 (2d Cir. 1985) (quoting Williams v. City of N.Y., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (stating that the decision to represent individual defendants is made by the Corporation Counsel as set forth in state law)).  A stay of the instant matter would therefore safeguard against the possibility that a conflict of interest may arise during the pendency of the litigation.  Pursuant to N.Y. General Municipal Law § 50-k, Defendant City is obligated to provide representation to individual defendants to the extent that they were acting within the scope of their duties as employees during the incident in question.  Thus, this office must first determine whether any individual employee "was acting within the scope of his public employment and in the discharge of his or her duties and was not in violation of any rule or regulation of his or her agency at the time the alleged act or omission occurred."  Should a stay not be granted, Defendant City may be forced to represent officers prior to learning the outcome of its own investigation concerning the alleged conduct.  Should the officers later be found responsible for any wrongdoing as a result of that investigation, defense counsel may be conflicted out of the matter entirely and new counsel would need to be retained for all defendants.  Such a scenario during the course of discovery would certainly cause a greater disruption to the instant action than the requested stay at this early stage.

Moreover, best practices prevent this Office from even communicating with individual defendants until the resolution of the investigation.  As Defendant City is a municipality, it can only communicate through its agents.  If this office cannot communicate with individual defendants, the City of New York cannot even offer a version of the events in question, let alone prepare an effective defense of the claims asserted by plaintiff.

Finally, the parties will require the documents associated with the DOC Investigation Division file, many of which (to the extent that they exist) will be protected from discovery by

the deliberative process privilege prior to the conclusion of the DOC investigation, both to respond to the Valentin Order and to proceed with discovery.  See Nat'l Council of La Raza v. Dep't of Justice, 411 F.3d 350, 356 (2d Cir. 2005) (the deliberative process privilege is (1) designed to promote the quality of agency decisions by preserving and encouraging candid discussion between officials, and (2) based on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news; an inter-agency or intra-agency document may be subject to the privilege if it is both pre-decisional and deliberative) (internal citations and quotations omitted).  Furthermore, the law enforcement privilege prevents disclosure of a pending investigation in order to, *inter alia*, "safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation."  National Congress for Puerto Rican Rights v. The City of New York, et al. 194 F.R.D 88, 93 (S.D.N.Y.) (citing In re Dep't of Investigation of the City of New York, 856 F.2d 481, 484 (2d. Cir. 1988) (citations omitted)).  Consequently, the parties to this action will not have access to vital information, including witness statements, until the DOC investigation is resolved.

      For the foregoing reasons, defendants respectfully request that the Court grant a stay of the instant litigation until the conclusion of the DOC investigation.  Should the Court grant the requested stay, at the direction of the Court, the undersigned will file status letters regarding the progress of the DOC investigation.

      Defendants thank the Court for its time and consideration of the within request.

      Respectfully submitted,

      /s/

      Joseph Zangrilli
      Senior Counsel

**BY FIRST-CLASS MAIL**
Shamone Brown
*Pro se plaintiff*
DIN: 20A0829
Mid-state Correctional Facility
9005 Old River Road
P.O. Box 2500
Marcy, New York 13403

---

The application is GRANTED.  This case is STAYED until 30 days after the completion of the investigation by the Department of Correction into the alleged incident.  The Court's Valentin Order of June 19, 2020, Doc. 11, is likewise stayed.

The Law Department is directed to file a status report with the Court upon the earlier of the completion of the investigation or January 8, 2021.  The Department is further directed to serve this memo endorsement on the plaintiff.

_____
Edgardo Ramos, U.S.D.J
Dated: Sept. 30, 2020
New York, New York